JULIA HEALD, NY Bar No. 5437561
KATHERINE WORTHMAN, DC Bar No. 488800
PAOLA HENRY, NY Bar No. 5612890
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mailstop CC-10232
Washington, D.C. 20580
Phone:  (202) 326-3589 (Heald)
Email:  jheald@ftc.gov; kworthman@ftc.gov; phenry@ftc.gov
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

*Counsel for Defendants listed on signature pages*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
San Francisco Division

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. 24-CV-1661** |
| Plaintiff, | |
| v. | **STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT** |
| OTO ANALYTICS, INC., also d/b/a WOMPLY, a corporation, and | |
| TOBY SCAMMELL, individually and as an officer of OTO ANALYTICS, INC., | |
| Defendants. | |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Monetary Relief  ("Complaint"), for a permanent injunction, and

monetary relief,  in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the COVID-19 Consumer

Protection Act, Public Law 116-260, 134 Stat. 1182, Title XIV, Section 1401.  Defendants have

waived service of the summons and the Complaint.  Plaintiff and Defendants stipulate to the

entry of this Stipulated Order for Permanent Injunction, and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the COVID-19 Consumer Protection Act, Public Law 116-260, 134 Stat. 1182, Title XIV, Section 1401 in connection with the advertising, marketing, and provision of Paycheck Protection Program financing services to small business consumers.

3.      Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.      Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Defendants and the Plaintiff waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions apply:

A.      "**Defendants**" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

1        1.    "**Corporate Defendant**" means Oto Analytics, Inc., also doing business

2  as Womply, and its successors and assigns.

3        2.    "**Individual Defendant**" means Toby Scammell.

4      **B.**    **"Competent and Reliable Evidence"** means tests, analyses, research, studies, or

5  other evidence, that (1) have been conducted or collected and evaluated in an objective manner

6  by qualified persons and (2) are generally accepted by professionals with expertise in the

7  relevant area to yield accurate and reliable results.

8  **ORDER**

9  **I.**    **PROHIBITION AGAINST DECEPTIVE CLAIMS,**
**INCLUDING FALSE AND/OR UNSUBSTANTIATED**
10  **CLAIMS**

11      IT IS ORDERED that Defendants, Defendants' officers, agents, employees, and all other

12  persons in active concert or participation with any of them, who receive actual notice of this

13  Order, whether acting directly or indirectly, in connection with advertising, marketing,

14  promoting, distributing, servicing, or offering any financial product or service are permanently

15  restrained and enjoined from:

16      A.  misrepresenting, or assisting others in misrepresenting, expressly or by

17        implication:

18          1.  That consumers will receive any product or service, or consumers' odds or

19            likelihood of receiving any product or service;

20          2.  The amount of time Defendants have taken, will take, or will likely take to

21            provide any material aspect of a product or service, including processing

22            an application or applications; or

23          3.  Any material fact about such product or service.

Stipulated Order

B.  making any representation, or assisting others in making any representation, expressly or by implication, about the claims set forth in I.A, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon Competent and Reliable Evidence that substantiates that the representation is true.

## II.    JUDGMENT FOR MONETARY RELIEF

IT IS FURTHER ORDERED that:

A.    Judgment in the amount of Twenty-Six Million Dollars ($26,000,000) is entered in favor of the Plaintiff against Defendants, jointly and severally, as monetary relief.

B.    Defendants are ordered to pay to Plaintiff, by making payment to the Commission, Twenty-Six Million Dollars ($26,000,000), which, as Defendants stipulate, their undersigned counsel will hold in escrow within 10 days of Defendants' signatures for no purpose other than payment to Plaintiff.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

## III.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

STIPULATED ORDER

1           C.      The facts alleged in the Complaint establish all elements necessary to sustain an

2    action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. §

3    523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

4           D.      Defendants acknowledge that their Taxpayer Identification Numbers (Social

5    Security Numbers or Employer Identification Numbers), which Defendants must submit to the

6    Commission, may be used for collecting and reporting on any delinquent amount arising out of

7    this Order, in accordance with 31 U.S.C. §7701.

8           E.      All money received by the Commission as monetary relief pursuant to this Order

9    may be deposited into a fund administered by the Commission or its designee to be used for

10   consumer relief, such as redress and any attendant expenses for the administration of any redress

11   fund.  If a representative of the Commission decides that direct redress to consumers is wholly or

12   partially impracticable or money remains after such redress is completed, the Commission may

13   apply any remaining money for such related relief (including consumer information remedies) as

14   it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any

15   money not used for relief is to be deposited to the U.S. Treasury.  Defendants have no right to

16   challenge any actions the Commission or its representatives may take pursuant to this

17   Subsection.

18   **IV.  CUSTOMER INFORMATION**

19          IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees,

20   and all other persons in active concert or participation with any of them, who receive actual

21   notice of this Order, whether acting directly or indirectly, are permanently restrained and

22   enjoined from directly or indirectly failing to provide sufficient customer information to enable

23   the Commission to efficiently administer consumer redress.  If a representative of the

STIPULATED ORDER

1  Commission requests in writing any information related to redress, Defendants must provide it,

2  in the form prescribed by the Commission, within 14 days.

3  ### V.   ORDER ACKNOWLEDGMENTS

4  IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this

5  Order:

6  A.      Each Defendant, within 7 days of entry of this Order, must submit to the

7  Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

8  B.      For 10 years after entry of this Order, each Individual Defendant for any business

9  that such Defendant, individually or collectively with any other Defendants, is the majority

10  owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of

11  this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

12  employees having managerial responsibilities for conduct related to the subject matter of the

13  Order and all agents and representatives who participate in conduct related to the subject matter

14  of the Order; and (3) any business entity resulting from any change in structure as set forth in the

15  Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order

16  for current personnel.  For all others, delivery must occur before they assume their

17  responsibilities.

18  C.      From each individual or entity to which a Defendant delivered a copy of this

19  Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of

20  receipt of this Order.

21  ### VI. COMPLIANCE REPORTING

22  IT IS FURTHER ORDERED that Defendants make timely submissions to the

23  Commission:

STIPULATED ORDER

A.      One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in:  (a) any designated point of

1       contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has

2       any ownership interest in or controls directly or indirectly that may affect compliance

3       obligations arising under this Order, including:  creation, merger, sale, or dissolution of

4       the entity or any subsidiary, parent, or affiliate that engages in any acts or practices

5       subject to this Order.

6             2.     Additionally, the Individual Defendant must report any change in:  (a)

7       name, including aliases or fictitious name, or residence address; or (b) title or role in any

8       business activity, including any business for which such Defendant performs services

9       whether as an employee or otherwise and any entity in which such Defendant has any

10      ownership interest, and identify the name, physical address, and any Internet address of

11      the business or entity.

12      C.     Each Defendant must submit to the Commission notice of the filing of any

13    bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant

14    within 14 days of its filing.

15      D.     Any submission to the Commission required by this Order to be sworn under

16    penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by

17    concluding:  "I declare under penalty of perjury under the laws of the United States of America

18    that the foregoing is true and correct.  Executed on:  _____" and supplying the date, signatory's

19    full name, title (if applicable), and signature.

20      E.     Unless otherwise directed by a Commission representative in writing, all

21    submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or

22    sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement,

23    Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW,

STIPULATED ORDER

Washington, DC  20580.  The subject line must begin:  FTC v. Oto Analytics, Inc., FTC Matter No. 2223021.

## VII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, unless otherwise specified below, and retain each such record for 5 years.  Specifically, Corporate Defendant and the Individual Defendant for any business advertising, marketing, promoting, distributing, servicing, or offering any financial product or service that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all products or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.     a copy of each unique advertisement or other marketing material making a representation subject to this Order; and

F.     copies of all subpoenas and other communications with law enforcement, if such communications relate to Defendants' compliance with this Order.

# VIII.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with each Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.      The Commission and Plaintiff may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission or Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

STIPULATED ORDER

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 3rd day of April, 2024.**



UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**


_____     Date: _____
JULIA HEALD
KATHERINE WORTHMAN
PAOLA HENRY
Attorneys
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
Mail Stop CC-10256
202-326-3589 (Heald)
202-326-2929 (Worthman)
202-326-2673 (Henry)
jheald@ftc.gov
kworthman@ftc.gov
phenry@ftc.gov


**FOR DEFENDANTS:**


_____     Date: _____
WILLIAM C. MACLEOD
LAURA RIPOSO VANDRUFF
Kelley Drye & Warren LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007
(202) 342-8811
wmacleod@kelleydrye.com

*Counsel for Defendant Oto Analytics, Inc.*

Alexander Cheney
Willkie Farr & Gallagher LLP
One Front Street

San Francisco, CA 94111
(415) 858-7418
acheney@willkie.com

*Counsel for Defendant Oto Analytics, Inc.*

---

Date: _____

JACK P. DICANIO
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue
Palo Alto, CA 94301
(650) 470-4660
jack.dicanio@skadden.com

*Counsel for Defendant Toby Scammell*

**DEFENDANTS:**

---

Date: _____

TOBY SCAMMELL INDIVIDUALLY
AND AS AN OFFICER OF OTO
ANALYTICS, INC.